UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILIP KIRK,<br><br>  Plaintiff,<br><br>  v.<br><br>JACK YOUNG, ROBERT NOVICK, and KIRBY SHEET METAL WORKS, INC., an Illinois corporation,<br><br>  Defendants. | No. 14 C 7216<br>Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

*I. Background*

  Before the Court is a breach of contract case between former business partners and co-shareholders of Defendant Kirby Sheet Metal Works, Inc ("KSMW"). On June 18, 2015, I ruled on the parties' cross motions for summary judgment, finding partial summary judgment in favor of Plaintiff Philip Kirk ("Kirk") and directing the parties to determine the purchase price of the shares KSMW owed Kirk. The parties agree that the shares are to be valued as of the end of KSMW's fiscal year on May 31, 2013, but they disagree as to the actual numbers. Plaintiff values the shares at $463,329, while Defendants value them at $195,692.

  Exhibit B to KSMW's Shareholder Agreement requires the shareholders to meet and value the shares within 60 days of the end of the Corporation's fiscal year and also lays out the formula for valuation. The Agreement provides that if the shareholders fail to value the shares within the 60 days, the fair market value shall be determined by an arbitrator. The parties did embark on arbitration in April 2014, but that process was interrupted by Plaintiff filing this

lawsuit before a valuation number could be agreed upon.

Following my Order in June 2015, Plaintiff moved for a ruling or, in the alternative, an evidentiary hearing on the valuation issue. A hearing was held on September 25, 2015 in my courtroom, where both parties questioned KSMW's long-time accountant Edward Fatla.

## II. The Hearing

Mr. Fatla testified to the following relevant facts about KSMW's valuation process and his role in the company. While no one from KSMW ever told Mr. Fatla that the valuation task was being officially delegated to him, he has valued the shares for the company every year since 1996. Mr. Fatla did not recall any direction from Defendants requiring him to value the shares within 60 days of the fiscal year end, which would have been July 30, 2013. Indeed, no one at KSMW had ever told Mr. Fatla they needed his reports by July 30 in any year.

Despite this state of affairs and the arbitration clause in the Shareholder's Agreement, Mr. Fatla was not aware of the shareholders ever arbitrating or meeting to determine the shares' values after the contractual 60-day window had closed. Nor was he aware of the shareholders deliberating about the shares' values after receiving Mr. Fatla's report in years past. Until this dispute arose, no one had challenged Mr. Fatla's annual calculations.

Based on Mr. Fatla's testimony, I find that Defendants failed to invoke the arbitration clause in a timely and reasonable manner. Not only did they fail to invoke the clause in any of the 17 years leading up to Mr. Kirk's retirement, they didn't even agree to consider arbitration until December 2013, several months after the July 30, 2013 deadline triggering arbitration had passed. Indeed, it was Plaintiff who first requested arbitration, not Defendants.

Due to Defendants' consistent failure to invoke the arbitration clause in previous years, their decades of uncontested reliance on Mr. Fatla's accounting, and their significant delay in

invoking the clause in 2013-2014, Defendants have effectively waived the right to invoke the arbitration clause.

### III. Conclusion

For the reasons discussed above, the arbitration clause does not control in this case. The Court will set a trial date shortly.

ENTER:

James B. Zagel
United States District Judge

DATE: November 5, 2015